I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-18-08

_Melissa Lash_

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

APR 1 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DURAND DYTANYA HALL, | Case No. SACV 08-00399 ABC (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| DEBRA DEXTER, Warden | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Durand Dytanya Hall ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 1997 conviction and related prison sentence of seventeen years and four months that he sustained following a jury trial in the Orange County Superior Court. (Pet. 2, Ex. B.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

Page 1

Dockets.Justia.com

## II. DISCUSSION

### A.    Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B.    Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1]

_____

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take

(continued...)

1   show Petitioner sustained his underlying conviction and sentence on May 15, 1998.

2   (Pet. 2, Ex. B.) On direct review, Petitioner filed a timely appeal with the California

3   Court of Appeal that affirmed the judgment and sentence on May 31, 2000, and

4   Petitioner did not file a petition for review with the California Supreme Court. (Pet.

5   2-3; Official records of California courts.) Therefore, for purposes of AEDPA's

6   limitation period, his judgment of conviction became final on July 10, 2000, the

7   fortieth day after his petition for review was denied by the intermediate appellate court

8   and the date his time for filing a petition for review with the California Supreme Court

9   expired. Cal. R. Ct. 8.264(b)(1); 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13

10  (9th Cir. 2002). The limitation period then started to run the next day, July 11, 2000,

11  and ended a year later on July 10, 2001.  28 U.S.C. § 2244(d)(1)(A); *see also*

12  *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period

13  begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

14      Petitioner missed the deadline because he did not constructively[2] file the

15  pending Petition until April 9, 2008 -- 2,464 days after the statute expired. Therefore,

16  the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

17  tolling, or an alternate start date to AEDPA's statute of limitations period under 28

18  U.S.C. § 2244(d)(1).

19

20

21      [1]   (...continued)
        judicial notice of relevant state court records in federal habeas proceedings).

22

23      [2]     Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is
        deemed to be filed on the date the prisoner delivers the petition to prison authorities

24      for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

25      (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also
        applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201

26      (9th Cir. 2003). The pending Petition was filed by the Clerk on April 14, 2008,
        however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit

27      of the doubt by assuming he constructively filed the Petition on April 9, 2008, the date

28      he signed it. (Pet. 8.)

Page 3

1  **C.    Statutory Tolling**

2        AEDPA's one-year limitation period may be tolled for "[t]he time during which

3  a properly filed application for State post-conviction or other collateral review with

4  respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To

5  qualify for statutory tolling during the time the petitioner is pursuing collateral review

6  in the state courts, his first state habeas petition must be constructively filed *before*,

7  not after, the expiration of AEDPA's one-year limitation period. *Ferguson v.*

8  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the

9  reinitiation of the limitation period that has ended before the state petition was filed");

10  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition

11  after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster*

12  *v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed

13  following the expiration of the limitations period cannot toll that period because there

14  is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.

15  2001). Further, the limitation period is not tolled between the time a final decision is

16  issued on direct state appeal and the time a state collateral challenge is filed because

17  there is no case "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006

18  (9th Cir. 1999).

19        The face of the Petition, attached exhibits, and relevant state court records

20  establish that Petitioner waited until February 11, 2004 -- 945 days after the expiration

21  of the limitation period -- to file his first state habeas petition with the Orange County

22  Superior Court (case no. M10146) that was denied on March 1, 2004. (Pet. 4, Ex. C;

23  Official records of California courts). The relevant state court records also establish

24  Petitioner subsequently filed one full round of state habeas petitions, all of which were

25  denied.[3/] Consequently, Petitioner is not entitled to statutory tolling for any of these

26

27        [3/]   *See Hall v. Orange County Super. Ct. et al.*, case no. M11229 (filed Feb. 15,

28                                                                    (continued...)

1 | state habeas petitions because they were all filed long after the limitation period
2 | expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state
3 | application for post-conviction relief does not revive the one-year limitation period if
4 | it has already expired); *Ferguson*, 321 F.3d at 823; *Jimenez*, 276 F.3d at 482; *Webster*,
5 | 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, this Court concludes this
6 | Petition, which was constructively filed on April 9, 2008, is untimely by 2,464 days.[4/]
7 | **D.    Alternative Start of the Statute of Limitations**
8 | **1.    State-Created Impediment**
9 | In rare instances, AEDPA provides that its one-year limitation period shall run
10 | from "the date on which the impediment to filing an application created by State action
11 | in violation of the Constitution or laws of the United States is removed, if the
12 | applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).
13 | Asserting that the statute of limitations was delayed by a state-created impediment
14 | requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th
15 | Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts
16 | showing that Petitioner is entitled to relief under this provision.
17 | **2.    Newly Recognized Constitutional Right**
18 | AEDPA provides that, if a claim is based upon a constitutional right that is
19 | newly recognized and applied retroactively to habeas cases by the United States
20 | Supreme Court, the one-year limitation period begins to run on the date which the new
21 |
22 |
23 | <hr>
      [3/]   (...continued)
24 | 2007, denied August 13, 2007); *Hall v. Orange County Super. Ct.*, case no. G039469,
      Cal. App. Ct., 4th Dist./Div. 3 (filed Oct. 26, 2007, denied Nov. 5, 2007); and *Hall*
25 | *(Dytana D.) on Habeas Corpus*, case no. S158295, Cal. Supreme Ct. (filed Nov. 17,
      2007, denied Jan. 16, 2008).
26 |
27 |     [4/]    Specifically, the 2,464 days represents the untolled time beyond the
      limitation deadline (July 10, 2001), and the Petition's constructive filing date (April
28 | 9, 2008).

Page 5

1  right was initially recognized by the United States Supreme Court.  28 U.S.C. §

2  2244(d)(1)(C).

3  Petitioner's two sentencing error claims of the pending Petition is premised on

4  the recent United States Supreme Court decision in *Cunningham v. California*, 549

5  U.S. ---, 127 S. Ct. 856 (2007) ("*Cunningham*").  (Pet. 5.)  Specifically, Petitioner

6  argues the trial court's imposition of an upper term sentence based on facts that were

7  neither found by the jury nor admitted by Petitioner violated his federal constitutional

8  rights to a jury trial and proof beyond a reasonable doubt, citing to, among others,

9  *Apprendi v. New Jersey*, 530 U.S. 466 (2000) ("*Apprendi*").  (Pet. 5.)

10  Petitioner's reliance on *Cunningham* is misplaced for several reasons.  First,

11  *Cunningham* does not expressly state that its holding is retroactive, and Petitioner has

12  failed to show that *Cunningham* can be applied retroactively on collateral review in

13  spite of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).

14  Second, *Cunningham* merely applied existing federal law in a manner that

15  effectuated a change in California's determinate sentencing law ("DSL").

16  Specifically, in *Cunningham*, Justice Ginsberg's majority decision makes it eminently

17  clear that the Supreme Court merely applied its holdings in *Apprendi*, *Blakely v.*

18  *Washington*, 542 U.S. 296 (2004) ("*Blakely*"), and *United States v. Booker*, 543 U.S.

19  220 (2005) ("*Booker*"), to California's DSL:

20  Contrary to the [*People v. Black*, 35 Cal. 4th 1238 (2005)]

21  court's holding, our decisions from *Apprendi* to *Booker*

22  point to the middle term specified in California's statutes,

23  not the upper term, as the relevant statutory maximum.

24  Because the DSL authorizes the judge, not the jury, to find

25  the facts permitting an upper term sentence, **the system**

26  **cannot withstand measurement against our Sixth**

27  **Amendment precedent**.

28  *Cunningham*, 127 S. Ct. at 871 (emphasis added).  Further, *Apprendi*, *Blakely*, and

Page 6

1   *Booker* are not retroactive to convictions or sentences that became final before these

2   decisions were issued. *See Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002) (holding

3   the Supreme Court has not made *Apprendi* retroactive on collateral review); *Schardt*

4   *v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005) (holding *Blakely* does not

5   apply retroactively to a conviction that was final before *Blakely* was decided); *Cook*

6   *v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the Supreme Court has not made

7   *Blakely* retroactive to cases on collateral review."); *Carrington v. U.S.*, 503 F.3d 888,

8   893 (9th Cir. 2007) ("'*Booker* is not retroactive, and does not apply to cases on

9   collateral review where the conviction became final as of the date of *Booker's*

10  publication.'").

11          As noted above, Petitioner's conviction and sentence became final for purposes

12  of direct review on July 10, 2000.  Consequently, Petitioner's judgment became final

13  after *Apprendi* was decided on June 26, 2000, but before *Blakely* and *Booker* were

14  decided on June 24, 2004, and January 12, 2005, respectively.  Further, to the extent

15  Petitioner's sentencing error claim is based upon *Apprendi* as a newly recognized

16  constitutional right, the claim is time-barred because the Petition was filed nearly

17  seven years after the expiration of the limitation period.  28 U.S.C. § 2244(d)(1)(C)

18  (the one-year limitation period begins to run on the date which the new right was

19  initially recognized by the United States Supreme Court.)  Alternatively, to the extent

20  his sentencing error claims are based upon *Blakely* and *Booker*, the claim is foreclosed

21  by *Schardt* and *Carrington* because, as discussed above, *Blakely* and *Booker* are not

22  retroactive on collateral review.

23          Therefore, the face of the Petition and attached exhibits do not set forth any

24  other facts that show Petitioner is entitled to relief under this provision.

25  ///

26  ///

27  ///

28

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

## E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///

///

///

**O R D E R**

1

2     Based upon the foregoing, the Court finds the Petition, attached exhibits, and

3  relevant state court records indicate it is untimely.  Accordingly, Petitioner shall have

4  until **May 9, 2008**, to file a written response and show cause why his Petition should

5  not be dismissed with prejudice because it is time-barred.  In responding to this Order,

6  Petitioner must show by declaration and any exhibits what, if any, factual or legal

7  basis he has for claiming that the Court's foregoing analysis is factually or legally

8  incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start

9  date extended.  If Petitioner contends he is entitled to tolling because of a lack of

10  access to the prison law library due to a purported lockdown or some other state-

11  created impediment, his written response must be supported by a declaration from the

12  warden or prison librarian verifying that the law library and library materials were

13  unavailable throughout the relevant time period because of the lockdown or other

14  stated reason.  Further, Petitioner must demonstrate that, during the time that access

15  to the prison law library was allegedly unavailable, he made requests for legal

16  materials to be brought to his cell and those requests were denied.

17     **Petitioner is warned that, if a timely response to this Order is not made,**

18  **Petitioner will waive his right to do so and the Court will, without further notice,**

19  **issue an order dismissing the Petition, with prejudice, as time-barred.  Further,**

20  **if Petitioner determines the Court's above analysis is correct and the Petition is**

21  **clearly time-barred, he should file a Request For Voluntary Dismissal of this**

22  **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

23

24     IT IS SO ORDERED.

25

26  DATED: April 18 , 2008              _____

27                     ARTHUR NAKAZATO
                       UNITED STATES MAGISTRATE JUDGE

28